**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ayodelle AIGBEVBOLLE,**
**Defendant-Appellant.**

**No. 84–2245.**

United States Court of Appeals,
Tenth Circuit.

Sept. 10, 1985.

---

Carl A. Barnes, Tulsa, Okl., for defendant-appellant.

John S. Morgan, Asst. U.S. Atty., Tulsa, Okl. (Layn R. Phillips, U.S. Atty. for Northern Dist. of Oklahoma, Tulsa, Okl., with him on brief), for plaintiff-appellee.

Before McKAY and SEYMOUR, Circuit Judges, and BALDOCK, District Judge.*

McKAY, Circuit Judge.

At issue in this appeal is whether the district court erred in allowing an in-court identification of the defendant.

Defendant was convicted in a jury trial of mail fraud by use of a false name, title, or address. 18 U.S.C. § 1342 (1982). At trial the government presented evidence that defendant had applied for and received two credit cards using a fictitious name, and had used the cards to obtain various

goods. Two car agents testified that defendant had, on separate occasions, rented a car using one of the credit cards. A fingerprint expert identified defendant's fingerprints as appearing on the credit card application. A bank credit official testified that the application listed the defendant's residence as the applicant's address. Finally, a bank teller testified that defendant had presented a check for payment on an account in the fictitious name.

Defendant argued that he had been framed, claiming that another individual had placed defendant's picture on a photo identification card bearing the fictitious name, had possession of that card, and had applied for the credit cards.

Defendant bases his appeal exclusively on the in-court identification of him by the second car agent, a witness who had failed to identify the defendant from an array of ten photos prior to trial.

■ Identification testimony is evidentiary in nature. *Manson v. Brathwaite*, 432 U.S. 98, 113, 97 S.Ct. 2243, 2252, 53 L.Ed.2d 140 (1977). Such testimony rises to a constitutional level only when a conviction is based on "a very substantial likelihood of irreparable misidentification." *Id.* at 116, 97 S.Ct. at 2254. We have previously held that if a pretrial photo array is impermissibly suggestive and the in-court identification by the witness is unreliable, the identification should be excluded. *United States v. Shoels*, 685 F.2d 379, 385 (10th Cir.1982). In the case at hand, defendant does not argue that the pretrial photo array was suggestive in any respect. Further, the mere fact that the witness was unable to identify the defendant from the photo array did not render the witness's testimony so unreliable as to require the exclusion of the in-court identification.

In *United States v. Williams*, 605 F.2d 495 (10th Cir.1979), a witness to a bank robbery who was unable to identify the defendant from a photo array was allowed

* Honorable Bobby R. Baldock, United States District Judge for the District of New Mexico, sitting by designation.

to observe the defendant at a pretrial suppression hearing. We held that the witness's later in-court identification of the defendant was nevertheless sufficiently reliable to warrant admission. We further noted that the witness's failure to identify the defendant from the photo array reflected merely on the weight of her testimony—not its admissibility.

In the case at hand, unlike the *Williams* case, there was no hint of pretrial suggestiveness. Whatever suggestiveness occurred, and certainly the in-court identification was suggestive, occurred in the jury's presence. Further, the witness testified that her in-court identification was based upon her observation of the defendant at the time he rented the car from her. She testified that the defendant stood out in her memory because she had considered his broken English to be inconsistent with his claimed name, and, accordingly, had been suspicious of him. We find that the witness's testimony was sufficiently reliable to cross the admissibility threshold. Defendant's counsel was free to argue that it should have been given little weight because of the witness's failure to identify the defendant from the pretrial photo array, and because of the obvious suggestiveness of the in-court identification.

The district court's judgment is affirmed.